IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | Criminal No. 1:16cr8-HSO-JCG-1 |
| § | |
| § | |
| § | |
| MICHAEL EUGENE MOORE | |

### ORDER DENYING DEFENDANT MICHAEL EUGENE MOORE'S MOTION [40] FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is Defendant Michael Eugene Moore's Motion [40] for Compassionate Release.  The Court finds that this Motion [40] should be denied without prejudice.

## I. BACKGROUND

Pursuant to a Plea Agreement with the Government, on October 25, 2016, Defendant Michael Eugene Moore ("Defendant" or "Moore") pleaded guilty to Count 1 of an indictment charging that he

> did knowingly conspire with others both known and unknown to the Grand Jury, to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II narcotic drug controlled substance, in violation of Section 841(a)(l), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

Indictment [3] at 1.

On March 16, 2017, the Court sentenced Moore to imprisonment for a term of 240 months followed by three years of supervised release. Min. Entry, March 16, 2017. Moore is presently incarcerated at the United States Penitentiary, Lompoc ("USP Lompoc") in Lompoc, California, and his anticipated release date is May 5, 2033. *See* Def.'s Mem. [46] at 2.

Moore filed the instant Motion [40] for Compassionate Release on June 10, 2020, asking the Court to order his early release and allow him to serve the remainder of his sentence on home confinement due to the COVID-19 pandemic.[1] *Id*. at 1; Reply [53] at 1. The Motion details Moore's medical conditions, including chronic kidney disease, hypertension, high blood pressure, diabetes, and obesity, Def.'s Mem. [46] at 9-12; Reply [53] at 9, which he believes constitute extraordinary and compelling reasons justifying compassionate release. Moore argues that the conditions at USP Lompoc create "an optimal environment for the transmission of contagious disease," and that while there, he cannot take "the preventative self-care measures directed by the CDC for his high-risk group to remain safe from COVID-19 infection." Reply [53] at 7.

The Government opposes Moore's Motion [40], asserting that the Court should deny it without prejudice because Moore has not exhausted his administrative remedies. *See* Resp. [49] at 1. Alternatively, the Government contends that, if the Court reaches the merits, it should deny the motion with

---

[1] Although Moore asks the Court for "immediate release and home confinement," Mot. [40] at 1, the Court does not have the authority under 18 U.S.C. § 3582(c)(1)(A) to place a prisoner in home confinement. Therefore, the Court construes Moore's Motion as a request for immediate release.

2

prejudice because Moore has failed to present any extraordinary and compelling reasons warranting a sentence reduction. *See Id.* at 7-11. The Government also maintains that Moore has not met his burden of showing that a reduction is warranted in light of the danger he would pose to the community and the relevant factors under 18 U.S.C. § 3553(a). *Id.* at 11.

In his Reply [53], Moore argues that he has exhausted his administrative remedies pursuant to § 3582(c)(1)(A). *See* Reply [53] at 1. He asserts that his medical conditions "coupled with the COVID-19 pandemic, could very well lead to his demise," *id.* at 2, and that he does not pose a threat to the public under the § 3553(a) factors, *id.* at 9.

## II. DISCUSSION

Moore argues that he can bring the instant motion because the Bureau of Prisons ("BOP") failed to respond within 30 days of receiving his request for an administrative remedy. Def.'s Mem. [46] at 10. The compassionate release statute mandates that a defendant must first exhaust his administrative remedies with the BOP, or wait 30 days in the event the BOP fails to act, before petitioning a court. *See* 18 U.S.C. § 3582(c).

To "fully exhaust all administrative remedies" under § 3582(c)(1)(A), an inmate who is not satisfied with the Warden's response

> may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the

> Regional Director signed the response. . . . Appeal to the
> General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a). If necessary, the time to respond may be extended by 20 days by the Warden, by 30 days by the Regional Director, or by 20 days by the General Counsel. *Id*. The regulations further provide that "[i]f the inmate does not receive a response within the *time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.*" *Id*. (emphasis added). This Court has interpreted the statute's phrase "lapse of 30 days from the receipt of such a request by the warden" to mean that exhaustion is satisfied when 30 days have passed from the date the warden receives the request *and* the BOP has not taken any action on it. *See United States v. Allen*, 1:15-cr-36-HSO-JCG-1, ECF 70 (S.D. Miss. June 12, 2020); *United States v. Martin*, 3:16-cr-79-DPJ-LRA, 2020 WL 3065302, at *3 (S.D. Miss. June 9, 2020).

The Fifth Circuit recently construed the 18 U.S.C. § 3582(c)(1)(A) exhaustion requirement, concluding that exhaustion under the statute "is mandatory." *United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020). Under the plain language of the statute, a court can only modify a term of imprisonment if a defendant files a motion "after" he has fully exhausted his administrative remedies. *Id*.; *see* 18 U.S.C. § 3582(c)(1)(A).

Moore asserts that he exhausted his administrative remedies because he filed a request with the BOP on July 24, 2020, and the BOP "admitted that his request would not be answered within 30 days as required by statute." Reply [53] at 2.

4

However, Moore filed his request with the BOP on July 24, 2020—more than a month after he filed the instant Motion [40] in this Court on June 10, 2020. On August 7, 2020, the Administrative Remedy Coordinator at USP Lompoc sent Moore an "Extension of Time for Response" letter, stating that "[a]dditional time is needed to respond to the administrative remedy request identified below. We are extending the time for response as provided for in the administrative remedy program statement," and extending the response due date to September 2, 2020. Ex. "1" [53-1].  The Administrative Remedy Coordinator's written notice of an extension on August 7, 2020, occurred 14 days after Moore had submitted his request for administrative remedy on July 24, 2020, well within the 30 days provided under 18 U.S.C. § 3582(c).  The extended, September 2, 2020, response due date was also permissible under 28 C.F.R. § 542.18.  Moore has not admitted any additional evidence to show what response, if any, he received from the Warden by the extended deadline.

In this case, Moore was required to file a request with BOP before filing a motion under 18 U.S.C. § 3582(c)(1)(A), which he failed to do.  The Fifth Circuit has stated that this statute specifies, "in clear language," "what a defendant must do *before* he files a motion for compassionate release in federal court," which is to "submit a request to 'the Bureau of Prisons to bring a motion on the defendant's behalf.'" *Franco*, 2020 WL 5249369, at *2 (emphasis added) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Because Moore did not comply with the statute's exhaustion

5

requirement before he filed his Motion for Compassionate Release [40], his Motion is not well taken and should be denied without prejudice.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Michael Eugene Moore's Motion [40] for Compassionate Release is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED**, this the 29th day of September, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE