# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 1:16cr8-HSO-JCG-1 |
| | § | |
| | § | |
| | § | |
| MICHAEL EUGENE MOORE | § | |

## ORDER DENYING DEFENDANT MICHAEL EUGENE MOORE'S MOTION [55] FOR COMPASSIONATE RELEASE

BEFORE THE COURT is Defendant Michael Eugene Moore's Motion [55] for Compassionate Release. The Court finds that this Motion [55] should be denied with prejudice.

## I. BACKGROUND

A. Procedural history

Pursuant to a Plea Agreement with the Government, on October 25, 2016, Defendant Michael Eugene Moore ("Defendant" or "Moore") pleaded guilty to Count 1 of an indictment charging that he

> did knowingly conspire with others both known and unknown to the Grand Jury, to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II narcotic drug controlled substance, in violation of Section 841(a)(l), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code. Indictment [3] at 1. On March 16, 2017, the Court sentenced Moore to a term of 240 months imprisonment followed by three years of supervised release. Min. Entry,

March 16, 2017.  Moore is presently incarcerated at the United States Penitentiary, Lompoc ("USP Lompoc") in Lompoc, California, and his anticipated release date is May 5, 2033.  *See* Mem. [46] at 2.

Moore filed his initial Motion [40] for Compassionate Release on June 10, 2020, asking the Court to order his early release and allow him to serve the remainder of his sentence on home confinement due to the COVID-19 pandemic.  *Id.* at 1; Reply [53] at 1.  The Government opposed Moore's Motion [40], asserting that the Court should deny it without prejudice because he had not yet exhausted his administrative remedies, or alternatively that it should be denied on the merits.  Resp. [49] at 1, 7.  On September 29, 2020, the Court entered an Order [54] denying Moore's Motion [40] without prejudice on grounds that he had not complied with the mandatory exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A).  Order [54].

B.  <u>Moore's Motion [55] for Compassionate Release</u>

Moore has now filed a second Motion [55] for Compassionate Release, asking the Court to grant him compassionate release because he has now exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A).  Mot. [55] at 2.  Moore asserts that he has exhausted his administrative remedies because he did not receive a response from the BOP within 30 days of the September 2, 2020, extension deadline.[1]  *Id.* at 2-3. On the merits, Moore argues that his medical conditions, particularly high blood pressure and diabetes, constitute "extraordinary

---

[1] Although Moore asks the Court for a sentence reduction and home confinement, Mot. [55] at 3-5, the Court does not have the authority under 18 U.S.C. § 3582(c)(1)(A) to place a prisoner in home confinement.  Therefore, the Court construes Moore's Motion [55] as a request for a sentence reduction.

2

and compelling reasons" warranting compassionate release due to the COVID-19 pandemic, Mot. [55] at 7-8, and that he does not pose a threat to the public under the applicable 18 U.S.C. § 3553(a) factors, *id.*

The Government opposes Moore's Motion [55], arguing that although Moore has exhausted his administrative remedies, he has not demonstrated any extraordinary and compelling reason warranting a sentence reduction. Resp. [57] at 1. It takes the position that despite Moore's medical conditions, his medical records indicate that he is receiving appropriate healthcare for his medical conditions, thus failing "to establish an extraordinary and compelling reason for a sentence reduction." *Id.* The Government further avers that the applicable factors set forth at 18 U.S.C. § 3553(a) weigh against Moore's release. *Id.* at 2.

Moore counters in his Reply [60] that the infection rate at FCI Lompoc puts him at a higher risk of death from COVID-19 because he is "more vulnerable to COVID-19 than other inmates." Reply [60] at 4.[2] He also contends that he does not pose a threat to the public under the applicable § 3553(a) factors. *Id.* at 5.

## II. DISCUSSION

A. <u>Whether Moore has shown extraordinary and compelling reasons justifying release</u>

The Government concedes that Moore has exhausted his administrative remedies, thus the Court will address the merits of Moore's request. Resp. [57] at 1.

---

[2] However, BOP reporting (updated daily) on FCI Lompoc shows 0 reported cases of a positive test among inmates and 0 reported cases of positive tests among staff members, with 588 inmates and 23 staff members recovered from COVID-19, as of the date of the filing of this Order. U.S Bureau of Prisons, COVID-19 Update, https://www.bop.gov/coronavirus/ (last visited July 7, 2021).

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). The Fifth Circuit has held that when considering a motion for compassionate release, a district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

Moore argues that his release is warranted based upon his medical conditions, specifically his high blood pressure and diabetes. *See* Mot. [55] at 7. Although certain medical conditions may constitute extraordinary and compelling reasons warranting a reduction, *see* 18 U.S.C. § 3582(c)(1)(A)(i), the Court does not find that Moore has alleged any such conditions in this case. Moore's BOP medical records reveal that his health conditions are being monitored and treated with prescription drugs, Ex. A - Medical Records [59] at 6-7, 11-13, 19-24, 39-43, 56-59, and that he is under the supervision of health care professionals at the BOP, *id.* at 32-35, 52-59, 63-66, 66-68, 68-70. The medical evidence supports the conclusion that he is capable of self-care while incarcerated and has access to services to address his medical conditions. Based upon the record, Moore has not demonstrated an "extraordinary and compelling reason" warranting his release under 18 U.S.C. § 3582(c)(1)(A)(i).

To the extent Moore seeks compassionate release due to COVID-19, generalized concerns of contracting COVID-19 do not constitute an "extraordinary

and compelling reason" justifying release under 18 U.S.C. § 3582(c)(1)(A)(i). *See, e.g., United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."). Although Moore argues that his medical conditions place him at an increased risk for serious illness from COVID-19, *see* Mot. [55] at 2, this Court has held that "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence," *United States v. McLin*, No. 1:17-CR-110-LG-RHW, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020), *aff'd*, 840 F. App'x 804 (5th Cir. 2021) (collecting cases); *see also United States v. Raiford*, No. 2:03-CR-25-KS-MTP, 2020 WL 5535368, at *2 (S.D. Miss. Sept. 15, 2020), *appeal dismissed*, No. 20-60883, 2021 WL 1111314 (5th Cir. Feb. 17, 2021) (same).

In sum, Moore has not demonstrated that his medical conditions, either alone or in combination, along with the possibility of contracting COVID-19 while incarcerated, constitute extraordinary and compelling reasons justifying a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Moore has not shown that he is more likely to contract the virus if he remains incarcerated than if he were released, and he has not demonstrated an "extraordinary and compelling reason" that warrants his release under 18 U.S.C. § 3582(c)(1)(A)(i).

B. <u>Whether the applicable factors set forth at 18 U.S.C. § 3553(a) weigh against Moore's release</u>

Even if Moore had presented evidence of an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i), the Court is not persuaded that the § 3553(a) factors weigh in favor of his release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020) (citing 18 U.S.C. § 3553(a)). Moore notes that he has "been a model prisoner with no disciplinary record and has completed his GED." Mot. [55] at 7. He claims that he has a "strong support system and his aunt and uncle are willing to assist him with his reentry, including housing and medical conditions." Reply [60] at 1. The Government counters that a reduction in Moore's sentence would demean the serious nature of the underlying offense he committed, and that the applicable § 3553(a) factors weigh against compassionate release. Resp. [57] at 1-2.

Moore's projected release date is May 5, 2033, and he has served approximately 62 months of the imposed term of 240 months imprisonment. PSR [36] at 1 (filed under seal).[3] According to the Presentence Investigation Report

---

[3] Moore's arrest date was on April 20, 2016, PSR [36] at 1, and his projected release date according to the BOP Inmate data is May 5, 2033. *See* U.S Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 7, 2021).

6

("PSR") prepared in this case, Moore's offense level was a 39, and his criminal history category was a IV, which yielded a Guidelines range of imprisonment of 360 months to life. *Id.* at 23. Thus, Moore received a sentence significantly below his Guidelines range, and he has a significant criminal history.

Moore was convicted of a serious offense, and the sentence imposed in this case reflects that seriousness, as well as the need for deterrence and protection of the public under the applicable factors set forth at § 3553(a). Considering the totality of the record before it, the Court finds that releasing Moore from incarceration at this time would not reflect the gravity of his offense, protect the public, or afford adequate deterrence. 18 U.S.C. § 3553(a). As the Fifth Circuit has recently noted, courts that have granted compassionate release to high-risk inmates with preexisting conditions "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns." *Thompson*, 984 F.3d at 434-35. Moore certainly has not made such a showing here, nor has he served the lion's share of his sentence. Moore's Motion [55] should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Michael Eugene Moore's Motion [55] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 7th day of July, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE